# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed March 29, 1911.

ALMA SCHAPIRO

VS.

SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE, TRUSTEE, AND CHARLES H. HARDING.

*Whitelock, Deming & Kemp* for plaintiff.

*Eugene O'Dunne* and *Charles McH. Howard* for defendants.

STUMP, J.—

Testatrix executed in the State of Maryland her last will and testament in which she bequeathed to her niece, Alma Schapiro, her sister's daughter, $5,000 to be held with accrued income or interest until the time when the legatee attained her majority. It is conceded that the legatee was born and has always lived in Vienna, Austria, and still resides there.

The will further provides that said legacy shall be paid over to Charles H. Harding, the surviving husband of said testatrix, in event of the death of the niece, Alma Schapiro, in her minority. Said Charles H. Harding, while he admits her pedigree, leaves his niece, Alma Schapiro, to the proof of her age, and contends that even if she has attained her majority under the laws of Maryland, the domicil of testatrix and the jurisdiction within which the will was proven and the trust administered, yet the trustee should not be permitted to pay over to her the legacy because of the existence of an Austrian law in substance providing that majority is not attained in that country until the age of twenty-four unless the time be accelerated by certain of the courts of that sovereignty. The plaintiff, Alma Schapiro, exhibits a decree of an Austrian Court declaring her to have attained her majority.

The defendant, Charles H. Harding, the surviving husband of testatrix, follows up his first objections, the Austrian statute, by an attack upon the validity of said decree, upon the ground of want of jurisdiction in the court from which it emanated, and want of notice to him of the application for the same, as well as fraud practiced upon him and the court upon the part of the persons applying to said tribunal for said decree.

The question thus raised is one of private international law, and in the absence of any known or suggested treaty or statutory regulation of this country, will be treated under the comity of nations.

Difficult questions at times arise in the classification and treatment of foreign judgments and sentences, but the tendency seems to be toward upholding and giving as full as possible credit in the courts of this country to the formal decrees of courts of competent jurisdiction in other civilized nations.

This neither as an obligation nor courtesy, but out of regard for international duty and public convenience. On authority, decrees confirming or dissolving a marriage in a foreign country where not contrary to the policy of our law, are upheld in the courts of this country and given full faith and credit until nullified by the courts of the country where they were granted and by the formalities there used.

The inception of majority is a creature of law and has no inherent lodgement. Under one government it may begin at eighteen or twenty-one, while under another, different regulations exist. It appears to be a common policy with civilized peoples to recognize minority and regulate its termination.

The application involved in this proceeding appears to this court to be distinguishable as to notice and otherwise from suit in our courts upon a foreign judgment to recover a money demand. In the latter instance the single purpose of the plaintiff in the perfecting of his judgment has been to coerce the payment of money while the application of an infant to the proper court in Austria to terminate minority is primarily in effect more in the nature of an appeal to the court for a change of status and when granted gives the applicant a changed relationship in many directions and to many persons.

The legatee, Alma Schapiro, while she, in order to be able to stand upon the decree of the Austrian court declaring majority, must let said court appear to be of competent jurisdiction, is not in effect burdened with offering the evidence further than the decree declaring her majority.

The defendant relying upon the statutory limit of twenty-four years must produce the statute and the whole of the statute, in which the provision for acceleration by certain courts will appear.

If when the statute is thus produced by the defendant the decree exhibited by the plaintiff appears to have been made by a court designated by the statute, the competent jurisdiction is shown, and said decree in no other respect can be attacked in this court or nullified save by subsequent decree of that or some other court of Austria and also of competent jurisdiction, setting aside said decree now relied upon by the plaintiff.

The defendant, Harding, would not have been heard to complain of the want of notice of the time of Alma Schapiro's attainment of majority under the statute of Austria upon her arrival at the age of 24, and unless the statute, which the defendant must produce, makes some provision for notice from the courts thereunder accelerating

majorities, how is he injured by the decree of court any more than in the first instance by what is in -substance a general decree of the legislative branch of the government?

In the opinion of this court in the absence of the production in evidence of any decree of a court of Austria of competent jurisdiction nullifying the decree exhibited by the plaintiff, the legatee is entitled to receive the legacy, provided that upon the production of the Austrian statute by the defendants, the court giving the decree exhibited by plaintiff is seen to be of competent jurisdiction. Plaintiff's demurrer to defendant's cross-bill will be sustained and the plaintiff's exceptions to the answer of the defendant, Charles H. Harding, will also be sustained.